## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SERGIO MANOLO LUTERIANO                    *
7806 Americana Circle, Apt. 103            *
Glen Burnie, Maryland 21060                *
                                           *
And                                        *
                                           *
CARLOS ALEXANDER NUNEZ                     *
202 Southbridge Drive, Apt. D              *
Glen Burnie, Maryland 21060                *
                                           *
And                                        *
                                           *
GERMAN NUNEZ                               *
7805 Winborne Drive, Apt. C                *
Glen Burnie, Maryland 21060                *
                                           *
And                                        *
                                           *
MARIO FIGUEROA GUDIEL                      *
406 Pamela Road, Apt. C                    *
Glen Burnie, Maryland 21061                *
                                           *
And                                        *
                                           *
OBDULIO GONZALEZ ZEPEDA                    *
1409 Olmstead Street                       *
Baltimore, Maryland 21226                  *
                                           *
*On Behalf of Themselves and*              *
*Others Similarly Situated*                *
                                           *
        PLAINTIFFS,                        *
                                           *
            v.                             *   Case No.:
                                           *
UNLIMBITED TREE SERVICES, INC.             *
767 222nd Street                           *
Pasadena, Maryland 21122                   *
                                           *
SERVE:  Charles Preslipsky                 *
767 222nd Street                           *
Pasadena, Maryland 21122                   *
                                           *

And                                              *
                                                 *
CHARLES PRESLIPSKY                               *
767 222nd Street                                 *
Pasadena, Maryland 21122                         *
                                                 *
      DEFENDANTS.                                *
*****************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Sergio Manolo Luteriano, Carlos Alexander Nunez, German Nunez, Mario Figueroa Gudiel, and Obdulio Gonzalez Zepeda (collectively, "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and all others similarly situated, hereby submits their Collective Action Complaint against Defendants Unlimbited Tree Service, Inc. ("UTS") and Charles Preslipsky ("Preslipsky") (together, "Defendants") to recover damages under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter, "FLSA") and the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. (hereinafter, "MWHL")..

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of the State of Maryland.  By acting as the named Plaintiffs in this action, Plaintiffs hereby affirm their consent to participate as Plaintiffs in a collective action under the FLSA.

2.      UTS is a corporation formed under the laws of Maryland with its principal place of business in Anne Arundel County, Maryland.

3.      From at least February 2011 through the present, (hereafter, "at all times" or "at all times relevant") Preslipsky was a substantial owner and the controlling officer of UTS.

4.     At all times, Preslipsky was the individual in charge of the day-to-day operations of UTS.

5.     At all times, Preslipsky was Plaintiffs' most senior supervisor.

6.     At all times, Preslipsky set and controlled Plaintiffs' schedules.

7.     At all times, Preslipsky set and determined Plaintiffs' rate and method of pay.

8.     At all times, Defendants were engaged in the industry of operating a tree and landscaping service in the State of Maryland and surrounding states.

9.     At all times, both Defendants were Plaintiffs' "employers" for purposes of the FLSA and the MWHL.

10.    At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

11.    At all times, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

12.    At all times, Plaintiffs and all other individuals employed by Defendants were employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

13.    In consideration of the foregoing, jurisdiction and venue are proper in this Court.

## FACTS

14.    Plaintiffs' approximate dates of employment with Defendants are as follows:

\*       Sergio Manolo Luteriano:  March 1, 2010 – January 24, 2014;

\*       Carlos Alexander Nunez:  August 1, 2012 – November 4, 2013;

\*       German Nunez:  May 2012 – Current;

\*       Mario Figueroa Gudiel:  October 12, 2007 – January 24, 2014;

\*       Obdulio Gonzalez Zepeda:  October 20, 2012 – November 30, 2013.

15.     While in Defendants' employ, Plaintiffs hours worked per week varied from week to week.

16.     In many weeks while in Defendants' employ, Plaintiffs worked more than forty (40) hours per week.

17.     In many weeks while in Defendants' employ, Plaintiffs worked more than fifty (50) hours per week.

18.     In many weeks while in Defendants' employ, Plaintiffs worked more than sixty (60) hours per week.

19.     On information and belief, Defendants have, in their sole possession, records of all hours that Plaintiffs worked while in Defendants' employ.

20.     At all times during Plaintiffs' employment, Defendants had knowledge of all hours that Plaintiffs worked.

21.     At all times, Defendants' paid Plaintiffs as hourly employees.

22.     At all times, Defendants paid Plaintiffs at their regular hourly rate for all hours worked each week including overtime hours worked each week in excess of forty (40).

4

23.     Defendants never paid Plaintiffs at the rate of one-and-one half (1½) times Plaintiffs' regular rate of pay for overtime hours worked each week in excess of forty (40).

24.     At all times during Plaintiffs' employ, Defendants had actual knowledge of the Federal and Maryland overtime pay requirement.

25.     At all times, Defendants had actual knowledge that Plaintiffs were not exempt from the FLSA or MWHL overtime pay requirement.

26.     At all times during Plaintiffs' employ, Defendants had actual knowledge that the rate and method by which Defendants paid Plaintiffs for hours worked in excess of forty (40) per week violated the Federal and Maryland overtime pay requirement.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiffs believe that more than fifteen (15) similarly situated persons are or have been employed by Defendants as hourly paid tree service or landscape employees since February 2011.

28.     The duties, responsibilities, and activities of these other similarly situated individuals were essentially the same as the duties, responsibilities, and activities that Plaintiffs performed.

29.     The other similarly situated individuals were paid on an hourly basis in the same manner and under the same standard employment procedures and practices as Plaintiffs.

30.     The hours worked by the other similarly situated individuals varied from workweek to workweek.

31.     The other similarly situated individuals worked more than forty (40) hours in many workweeks.

32.     The other similarly situated individuals were not paid overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

33.     The other similarly situated individuals and Plaintiffs are owed unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus attorneys' fees and costs.

## CAUSE OF ACTION
### Violation of Federal Fair Labor Standards Act

34.     Plaintiffs re-allege and re-assert each and every allegation set forth in Paragraphs 1-33 above, as if each were set forth herein.

35.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

36.     At all times relevant, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1).

37.     At all times relevant, both Defendants were Plaintiffs' "employers" under FLSA, 29 U.S.C. § 207(a)(2).

38.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40).

39.     As set forth above, while in Defendants' employ, Plaintiffs regularly worked hours in excess of forty (40) per week.

40.     As set forth above, Defendants failed to compensate Plaintiffs properly and as required by the FLSA for overtime hours worked.

41.     At all times, Defendants had actual knowledge of the FLSA overtime requirement.

42.     At all times, Defendants had actual knowledge that the manner and method by which it compensated Plaintiffs for overtime hours worked violated the overtime provisions of the FLSA.

43.     Defendants' actions of violating Plaintiffs' FLSA rights were not the product of objective good faith or otherwise objectively reasonable.

44.     Defendants' failure and refusal to pay Plaintiffs overtime wages as required by the FLSA was willful and intentional.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others that join or otherwise "opt-in" to this action) for all unpaid overtime wages in such an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of the Maryland Wage Hour Law
### (Overtime)

45.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-44 above, as if each were set forth herein.

46.     Pursuant to the MWHL, Defendants, as Plaintiffs' employers, were

obligated to pay Plaintiffs at the rate of one-and-one half (1½) times Plaintiffs' regular rate of pay for each overtime hour worked each week in excess of forty (40).

47.     As set forth above, Defendants willfully refused to pay Plaintiffs overtime wages as required by the MWHL for a substantial number of overtime hours while Plaintiffs were in Defendants' employ.

48.     Defendants' failure to pay Plaintiffs as required by the MWHL for overtime hours worked was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count II for all unpaid overtime wages in such amounts as are proven at trial, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*